UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CALCUTTA SEAFOODS PVT. LTD., BAY SEAFOOD PVT. LTD., AND ELQUE & CO., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Before: Gary S. Katzmann, Judge |
| UNITED STATES, | ) Court No. 19-00201 |
| Defendant, | ) ) |
| And | ) ) |
| AD HOC SHRIMP TRADE ACTION COMMITTEE, | ) ) ) |
| Defendant-Intervenor. | ) ) |

# JUDGMENT

This case having been submitted for decision, and the court, after due deliberation having rendered an opinion; now in conformity with that opinion, it is hereby

**ORDERED** that the U.S. Department of Commerce's Redetermination Pursuant to Court Remand Order of May 4, 2021, ECF No. 49-1, is sustained; and it is further

**ORDERED** that judgment be, and hereby is, entered for defendant the United States.

**SO ORDERED**

_____
Gary S. Katzmann, Judge

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CALCUTTA SEAFOODS PVT. LTD., BAY SEAFOOD PVT. LTD., AND ELQUE & CO., ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Before: Gary S. Katzmann, Judge |
| UNITED STATES, ) ) | Court No. 19-00201 |
| Defendant, ) ) | |
| And ) ) | |
| AD HOC SHRIMP TRADE ACTION COMMITTEE, ) ) ) | |
| Defendant-Intervenor. ) ) | |

**DEFENDANT-INTERVENOR AD HOC SHRIMP TRADE ACTION COMMITTEE'S
<u>COMMENTS ON REMAND REDETERMINATION</u>**

                                      Nathaniel Maandig Rickard
                                      Zachary J. Walker

                                      **PICARD KENTZ & ROWE LLP**

                                      1750 K Street N.W.
                                      Suite 800
                                      Washington, D.C. 20006
                                      (202) 331-4040

                                      *On behalf of the Ad Hoc Shrimp*
                                      *Trade Action Committee*

June 3, 2021

**TABLE OF CONTENTS**

**BACKGROUND** ...................................................................................................................... 1

    **I.**    **COMMERCE'S ADMINISTRATIVE REVIEW** ........................................... 1

    **II.**    **PROCEEDINGS BEFORE THIS COURT** ...................................................... 2

    **III.**    **COMMERCE'S REDETERMINATION PURSUANT TO COURT REMAND ORDER** ........................................................................................... 4

**ARGUMENT** ............................................................................................................................. 5

    **I.**    **STANDARD OF REVIEW** ............................................................................... 5

    **II.**    **COMMERCE'S REMAND REDETERMINATION SHOULD BE SUSTAINED** ...................................................................................................... 5

**CONCLUSION** ......................................................................................................................... 6

# TABLE OF AUTHORITIES

## Cases

Calcutta Seafoods Pvt. Ltd. v. United States,
   495 F. Supp. 3d 1318 (Ct. Int'l Trade 2021)……………………………..…………….. 1-3, 6

Consol. Edison Co. v. NLRB,
   305 U.S. 197 (1938)………………………………………………………………………… 5

Matsushita Elec. Indus. Co. v. United States,
   750 F.2d 927 (Fed. Cir. 1984)……………………….……………………………………… 5

Nakornthai Strip Mill Public Co. v. United States,
   587 F. Supp. 2d 1303 (Ct. Int'l Trade 2008)……...………………………………………… 5

Xinjiamei Furniture (Zhangzhou) Co. v. United States,
   968 F. Supp. 2d 1255 (Ct. Int'l Trade 2014)……………………………………………… 5

## Statutes

19 U.S.C. § 1516a…………………………..…………………………………………………… 5

19 U.S.C. § 1677e……………..…………………………………………………………….. 4-5

19 U.S.C. § 1677m…………...…………………………………………………………………… 2-3

## Other Authorities

Certain Frozen Warmwater Shrimp From India: Final Results of
Antidumping Duty Administrative Review; 2017-2018, 84 Fed.
Reg. 57,847 (Dep't Commerce Oct. 29, 2019)……………………………….…………….. 1-2, 4

**DEFENDANT-INTERVENOR AD HOC SHRIMP TRADE ACTION COMMITTEE'S COMMENTS ON REMAND REDETERMINATION**

On behalf of Defendant-Intervenor Ad Hoc Shrimp Trade Action Committee ("AHSTAC"), we respectfully submit these comments regarding the U.S. Department of Commerce's ("Commerce") redetermination pursuant to Court remand order. See Final Results of Redetermination on Remand Pursuant to Calcutta Seafoods Pvt. Ltd., Bay Seafoods Pvt. Ltd., and Elque & Co. v. United States, No. 19-00201, Slip Op. 21-11 (Ct. Int'l Trade Feb. 3, 2021) ("Remand Results"), ECF No. 49-1. Commerce's Remand Results were prepared pursuant to the Opinion issued by this Court remanding the final results of the thirteenth administrative review of the antidumping duty order of frozen warmwater shrimp from India. See Calcutta Seafoods Pvt. Ltd. v. United States, 495 F. Supp. 3d 1318 (Ct. Int'l Trade 2021) ("Calcutta Seafoods I"). As explained below, because the Remand Results comply with the Court's remand order and are supported by substantial evidence and in accordance with law, judgment should be entered in favor of Defendant, the United States.

**BACKGROUND**

**I.     COMMERCE'S ADMINISTRATIVE REVIEW**

At issue in this action are the final results of Commerce's thirteenth administrative review of the antidumping duty order on certain warmwater shrimp from India. Certain Frozen Warmwater Shrimp From India: Final Results of Antidumping Duty Administrative Review; 2017-2018, 84 Fed. Reg. 57,847 (Dep't Commerce Oct. 29, 2019), ECF No. 16-4 ("Final Results").[1] In the Final Results,

---

[1]     Commerce's determinations, findings, and conclusions were set out primarily in the "Issues and Decision Memorandum" accompanying the Final Results. See Issues and Decision Memorandum for the Final Results of the 2017-2018 Antidumping Duty Administrative Review of Certain Frozen Warmwater Shrimp from India (Oct. 21, 2019), P.R. 188, available at https://enforcement.trade.gov/frn/summary/india/2019-23534-1.pdf ("AR13 IDM"), ECF No. 16-5.

Commerce applied an adverse inference to Calcutta Seafoods Pvt. Ltd., Bay Seafood Pvt. Ltd., and Elque & Co. (collectively, "Elque Group") after determining that Elque Group did not cooperate to the best of its ability in responding to the agency's initial and supplemental antidumping duty questionnaires. See AR13 IDM at Comment 2, pp. 9-19.

In finding that an adverse inference was warranted, Commerce noted Elque Group's "repeated pattern of not providing the information in the manner and form requested by Commerce, while offering little information concerning its cost reporting methodology, despite multiple requests for information and clarification." Id. at 15; see also Calcutta Seafoods I, 495 F. Supp. 3d at 1324-25. Commerce found Elque Group's reporting of product-specific costs particularly unreliable. AR13 IDM at Comment 2, pp. 12-15. Indeed, in the Final Results, Commerce found Elque Group's reported cost data to be entirely "unusable." See id. at Comment 2, p. 16. Commerce reached this conclusion after having reiterated to Elque Group in a pair of supplemental Section D questionnaires the importance of "report{ing} cost differences attributable to . . . different raw shrimp inputs" and permitting Elque Group to use any "reasonable method to account for the cost difference associated with the different sizes and form of input shrimp." See Letter from Commerce to the Elque Group, "Section D Second Supplemental Questionnaire" (Mar. 7, 2019), at 3-4, P.R. 142.[2]

II.    **PROCEEDINGS BEFORE THIS COURT**

Elque Group initiated this challenge to the Final Results on November 20, 2019. See Summons, ECF No. 1; Compl., ECF No. 4. In its Rule 56.2 motion, Elque Group argued that Commerce: (1) did not provide adequate assistance to Elque Group, "a small company, *pro se* respondent," as required by Section 782(c)(2) of the Act; (2) improperly applied an adverse inference

---

[2]    Documents from the public remand record are designated by "R.P.R.," while documents from the confidential remand record are designated by "R.C.R." Citations to the record of Commerce's original proceedings use the designations "P.R." and "C.R."

2

to Elque Group; and (3) selected an AFA rate that was neither supported by substantial evidence nor in accordance with law.  See Calcutta Seafoods I, 495 F. Supp. 3d at 1325 (citing Pls.' Mot. For J. on the Agency R. at 2-4 (Feb. 26, 2020), ECF No. 20).

Upon consideration of the facts of this case, see Calcutta Seafoods I, 495 F. Supp. 3d at 1331,[3] this Court held that Commerce did not fulfill its obligation of "providing additional assistance and consideration to the Elque Group," a company that Commerce allowed to self-identify as a "small company" in the underlying review.  See Calcutta Seafoods I, 495 F. Supp. 3d at 1329.  In reaching its holding, the Court first explained that Commerce's obligations under section 782(c)(2) to "provide . . . any assistance that is practicable" are conditional on an interested party first notifying Commerce, in accordance with section 782(c)(1), of its difficulty in submitting the information requested.  Id., 495 F. Supp. 3d at 1326-28.  The Court further found that Elque Group provided adequate notice, thus invoking Commerce's obligation under section 782(c)(2) of the Act to provide additional assistance.  Id., 495 F. Supp. 3d at 1329-31.  The Court concluded that Commerce did not provide Elque Group with adequate assistance in violation of section 782(c)(2) of the Act and remanded the agency's "decision to treat the Elque Group as an uncooperative respondent and apply AFA."  Calcutta Seafoods I, 495 F. Supp. 3d at 1331-35.

The Court's remand order noted that Commerce may find on remand that "an application of neutral facts available would remedy Elque Group's further need for assistance in this review."  Id., 495 F. Supp. 3d at 1335-36.

---

[3]  "In the end, the court is not presented with some sort of ethereal epistemological inquiry, but with the realities grounded in the facts of each case."  Calcutta Seafoods I, 495 F. Supp. 3d at 1331.

**III.     COMMERCE'S REDETERMINATION PURSUANT TO COURT REMAND ORDER**

On remand, and under respectful protest, Commerce calculated a "weighted-average dumping margin for the Elque Group based on neutral facts available." Remand Results at 8. As a result, Elque Group's dumping margin fell from an assigned rate of 110.90 percent to a calculated rate of 27.66 percent.[4] Id. at 1-2, 8.

The Remand Results explain that Elque Group's cost data—as submitted—continues to be unreliable as Elque Group's "reported costs for raw shrimp do not reasonably account for differences in the count sizes of shrimp it purchases; its cost database includes multiple costs for the same products, as defined by product control number (CONNUMs); and its reported general and administrative (G&A) expense ratio does not appear to include all relevant costs."[5] Remand Results at 4-5. Based on the "circumstances of this case," the agency used neutral facts available to remedy Elque Group's inadequate cost reporting. Id. at 5; see also 19 U.S.C. § 1677e(a). Specifically, Commerce reallocated Elque Group's costs using reported sales data. Remand Results at 5. Using this methodology, Commerce was able to "reapportion{} the input raw shrimp costs . . . to reflect reasonably the corresponding count size and species." Id.; see also Department Memorandum, "Cost of Production and Constructed Value Calculation Adjustments for the Court Remand" (Apr. 21,

---

[4]     The Remand Results also recalculates the rate for non-examined companies subject to this review from 1.87 percent, Final Results, 84 Fed. Reg. at 57,847, to 6.13 percent. Remand Results at 8.

[5]     Commerce notes in the Remand Results that it intends in future proceedings to examine the basis for a party's claim to be a small company. Remand Results at 4. AHSTAC had argued that the basis by which Elque Group characterizes itself as a small company was never articulated and that the administrative record contained evidence showing that the company had significant sales to multiple export markets. See Def.-Int. Ad Hoc Shrimp Trade Action Committee's Resp. to Pls.' Mot. for J. on the Agency R. at 21-23 (May 1, 2020), ECF No. 23; see also Letter from Calcutta Seafoods to Commerce, "Selection of Third Country Market for Administrative Review" (Sept. 12, 2018), P.R. 79 (reporting sales to the United States, Vietnam, and Canada of multiple millions of U.S. dollars).

4

2021), R.P.R. 6/R.C.R. 6.  Commerce's Remand Results also recalculated Elque Group's G&A expense ratio.  Remand Results at 5.

## ARGUMENT

### I. STANDARD OF REVIEW

Commerce's determinations in administrative reviews, including determinations made pursuant to a court ordered remand, are lawful unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) (citations omitted); see also Matsushita Elec. Indus. Co. v. United States, 750 F.2d 927, 933 (Fed. Cir. 1984).

"The results of a redetermination pursuant to court remand are also reviewed 'for compliance with the court's order.'"  Xinjiamei Furniture (Zhangzhou) Co. v. United States, 968 F. Supp. 2d 1255, 1259 (Ct. Int'l Trade 2014) (quoting Nakornthai Strip Mill Public Co. v. United States, 587 F. Supp. 2d 1303, 1306 (Ct. Int'l Trade 2008)).

### II. COMMERCE'S REMAND REDETERMINATION SHOULD BE SUSTAINED

The Remand Results comply with the Court's remand order and are supported by substantial evidence and in accordance with law.  On remand, Commerce continued to find Elque Group's reported information to be unreliable.  Remand Results at 4-5.  As a result of Elque Group's insufficient and unreliable reporting, and consistent with section 776(a) of the Act, Commerce determined that it was necessary to use facts otherwise available to calculate Elque Group's dumping margin.  Id. at 5; see also 19 U.S.C. § 1677e(a).  Using Elque Group's reported sales data, Commerce was able to reapportion raw shrimp costs in a manner that reasonably corresponds to count size and species.  Remand Results at 5.  Commerce also corrected Elque Group's reported G&A expense ratio. Id.  Commerce's decision on remand is consistent with section 776 of the Act which allows the

agency to use facts otherwise available when necessary information is missing or unreliable. 19 U.S.C. § 1677e(a).

In addition to being supported by substantial evidence and otherwise in accordance with law, the Remand Results also comply with the Court's remand order.  See Calcutta Seafoods I, 495 F. Supp. 3d at 1335-36.  Specifically, the Court "le{ft} to Commerce the determination of whether . . . an application of neutral facts available would remedy Elque Group's further need for assistance in this review."  Id.  Accordingly, by recalculating Elque Group's weighted-average dumping margin using neutral facts available, the Remand Results comply with the remand order in Calcutta Seafoods I.

## CONCLUSION

For the reasons explained above, AHSTAC respectfully submits that Commerce's Remand Results comply with the Court's remand order, are supported by substantial evidence, and in accordance with law.  As such, judgment should now be entered in favor of Defendant, the United States.

    Respectfully submitted,

    /s/ Nathaniel Maandig Rickard

    Nathaniel Maandig Rickard
    Zachary J. Walker

    **PICARD KENTZ & ROWE LLP**
    1750 K Street, N.W.
    Suite 800
    Washington, D.C. 20006

    *Counsel to the Ad Hoc Shrimp Trade Action Committee*

June 3, 2021

CERTIFICATE OF COMPLIANCE
CALCUTTA SEAFOODS PVT. LTD. v. UNITED STATES
COURT NO. 19-00201

I, Nathaniel Maandig Rickard, hereby certify that the foregoing submission (Defendant-Intervenor Ad Hoc Shrimp Trade Action Committee's Comments on Remand Redetermination) contains 1,759 words inclusive of headings, footnotes, and quotations (but exclusive of table of authorities and counsel's signature block).  In accordance with the U.S. Court of International Trade's Standard Chamber Procedures, remand submissions cumulatively may not exceed 10,000 words. Accordingly, any reply brief filed by Defendant-Intervenor Ad Hoc Shrimp Trade Action Committee in response to comments on the remand redetermination will be limited to 8,241 words (i.e., 10,000 less the 1,759 words of this submission).  This word count was calculated using Microsoft Word's word count feature.

/s/ Nathaniel Maandig Rickard
Nathaniel Maandig Rickard

**PICARD KENTZ & ROWE LLP**
1750 K Street, N.W.
Suite 800
Washington, D.C. 20006

*Counsel to the Ad Hoc Shrimp Trade Action Committee*

June 3, 2021