UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| CALCUTTA SEAFOODS PVT. LTD., BAY SEAFOOD PVT. LTD., AND ELQUE & CO., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> AD HOC SHRIMP TRADE ACTION COMMITTEE, <br><br> Defendant-Intervenor. | Court No. 19-00201 |

**DEFENDANT'S RESPONSE TO COMMENTS**
**REGARDING THE REMAND REDETERMINATION**

Defendant, the United States, respectfully submits its response to comments in support of the United States Department of Commerce's (Commerce) remand redetermination filed in accordance with this Court's decision and remand order in *Calcutta Seafoods Pvt. Ltd. v. United States*, 495 F. Supp. 3d 1318 (Ct. Int'l Trade 2021). Final Results of Redetermination Pursuant to Court Order, May 3, 2021, ECF No. 49 (Remand Results).

No party has filed comments objecting to the remand results. Intervenor-defendant, Ad Hoc Shrimp Trade Action Committee (AHSTAC), filed comments in support of the remand results. ECF No. 51. Plaintiffs Calcutta Seafoods Pvt. Ltd., Bay Seafood Pvt. Ltd., and Elque & Co. (collectively, Elque Group) have not filed any comments.

For the reasons set forth below, we respectfully request that the Court sustain Commerce's remand results.

## BACKGROUND

### I.     The Administrative Decision Under Review

This case involves challenges to the results of Commerce's thirteenth administrative review of the antidumping duty order covering certain frozen warmwater shrimp from India.  *See Certain Frozen Warmwater Shrimp from India*, 84 Fed. Reg. 16,843 (Dep't of Commerce Oct. 29, 2019) (final results of admin. review) (*Final Results*), and the accompanying Issues and Decision Memorandum (Dep't of Commerce Oct. 21, 2019) (IDM).  In the final results, Commerce had applied adverse facts available to the Elque Group, a mandatory respondent, for its failure to provide information Commerce had requested.

### II.    The Court's Remand Order

In February 2021, this Court remanded for Commerce to further explain its determination to treat the Elque Group as an uncooperative respondent because the Court "conclude{d} that the Elque Group satisfied its burden to notify Commerce of its difficulties as a small company respondent under {19 U.S.C. §} 1677m(c)(1)," but Commerce had failed to provide the Elque Group with additional assistance as required by section 1677m(c)(2).  *Calcutta*, 495 F. Supp. 3d at 1330-31.  The Court further explained that, "{g}iven that Commerce had notice of the Elque Group's difficulty during the review," "Commerce did not adequately assist the Elque Group given its status as a small company."  *Id.* at 1331-32.  The Court, thus, held that "Commerce's decision to treat the Elque Group as an uncooperative respondent and apply {adverse facts available} cannot be upheld."  *Id.*at 1335.  And on remand, the Court permitted Commerce to "reopen the record in order to provide further assistance to {the Elque Group} in procuring the

requested information," or to determine whether "application of neutral facts available would remedy Elque Group's further need for assistance in this review." *Id.* at 1335-36.

**III.     Commerce's Remand Redetermination**

In the remand results, under respectful protest, Commerce recalculated the Elque Group's weighted-average dumping margin based on neutral facts available. Remand Results at 7-8. Commerce explained that it "respectfully disagrees with the Court and believes that the Elque Group did not warrant additional assistance from Commerce" because it had "failed to provide 'suggested alternate forms' in which it could submit the requested information, as required by" 19 U.S.C. § 1677m(c)(1). *Id.* at 3-4. Commerce respectfully disagrees that the Elque Group had "satisfied its burden to notify Commerce of its difficulties" in responding to requests for information because section 1677m(c)(1) "requires a higher degree of effort from a respondent than solely notifying Commerce of its difficulties." *Id.* at 4. Further, although Commerce had taken at face value the Elque Group's assertion that it was a small company, Commerce explained that, "in future proceedings where the issue arises, Commerce expects to examine the basis for a party's claim to be a small company," to determine "whether a company claiming assistance is, in fact, a small company." *Id.*

Although the Court had permitted Commerce to reopen the record, in the remand results, Commerce instead determined to apply neutral facts available to the Elque Group's reported cost of production data. *Id.* Commerce continued to find that the data were "insufficient and unreliable" as reported because the Elque Group's "reported costs for raw shrimp do not reasonably account for differences in the count sizes of shrimp it purchased; its cost database includes multiple costs for the same products, as defined by product control numbers (CONNUMs); and its reported general and administrative (G&A) expense ratio does not appear

to include all relevant costs." *Id.* at 4-5.  To remedy the unreliable reported raw shrimp and inconsistent CONNUM costs, Commerce "reallocated the Elque Group's costs using sales data" on both a count-size and species-basis.  *Id.* at 5.  Using this methodology, Commerce "reapportioned the input raw shrimp costs in order to reflect reasonably the corresponding count size and species."  *Id.*  As to the inadequate calculation of the G&A expense ratio, Commerce "recalculated this figure using the information contained in the reported trial balance for the fiscal year ending March 31, 2018."  *Id.*

Although Commerce filed its remand results under respectful protest, continuing to find that the Elque Group did not warrant additional assistance from Commerce pursuant to 19 U.S.C. § 1677m(c), Commerce nevertheless complied fully with the remand order by applying a neutral factual inference to recalculate Elque Group's dumping margin.  *See* Remand Results at 3-4, 6; *Calcutta*, 495 F. Supp. 3d at 1335-36.

## CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's remand determination and enter final judgment in favor of the United States.

                      Respectfully submitted,

                      BRIAN M. BOYNTON
                      Acting Assistant Attorney General

                      JEANNE E. DAVIDSON
                      Director

                      /s/Patricia M. McCarthy
                      PATRICIA M. McCARTHY
                      Assistant Director

Of Counsel:
SPENCER NEFF                   /s/Kara M. Westercamp
Attorney                               KARA M. WESTERCAMP
Office of the Chief Counsel for Trade    Trial Attorney
Enforcement and Compliance           Commercial Litigation Branch

|  |  |
|---|---|
| United States Department of Commerce | Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 305-7571<br>Facsimile:  (202) 514-8624 |
| June 17, 2021 | Email:       kara.m.westercamp@usdoj.gov |

*Attorneys for Defendant*